UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA                                    04-CR-198E

    -vs-
                                                                                                                ORDER
ISMAEL A. BARTOLON,
                Defendant.

---

        WHEREAS on June 20, 2005, the defendant herein, Ismael A. Bartolon ("Bartolon"), appearing *pro se*, filed three motions, one to amend or alter the judgment of conviction herein (Dkt. #25), one for leave to file a late notice of appeal of the criminal conviction (Dkt. #23) and one for an order granting a stay of removal (Dkt. # 24); and

        WHEREAS on July, 29, 2005, the government responded (Dkt. #27), arguing that the Court lacks the authority to grant such relief and that the proper avenue for Bartolon to seek relief is through a civil habeas corpus proceeding, or through some other civil proceeding; and

        WHEREAS the time limitations for the filing of an appeal in a criminal case and any provisions allowing for the late filing thereof are jurisdictional and

Bartolon seeks to file his Notice of Appeal well beyond these jurisdictional time limitations[1]; and

WHEREAS Bartolon cannot invoke the Court's civil jurisdiction to attack his judgment of conviction in this criminal proceeding by filing motions under the Federal Rules of Civil Procedure[2]; and

WHEREAS the Court lacks jurisdiction to preliminarily enjoin Bartolon's removal[3]; and nevertheless

WHEREAS on August 9, 2005, the government filed an additional affidavit suggesting mootness (Dkt. #28), indicating conflicting information about whether Bartolon had withdrawn his asylum petition and consented to removal or whether, regardless of such withdrawal, he had in fact been removed from the United States on August 4, 2005; and

WHEREAS Bartolon has not responded to either of the government's July 29, 2005 or August 9, 2005 filings; and

---

[1] FRAP 4(b); *United States* v. *Outen*, 286 F2d 622, 630 (2d Cir. 2002); *United States* v. *Ferraro,* 992 F.2d 10, 11 (2d Cir. 1993).

[2] FRCvP 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature ∗∗∗"); *See also, Harris* v. *United States*, 367 F.3d 74, 77 (2d Cir. 2002)("relief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction.")(*citing Rodriguez* v. *Mitchell,* 252 F.3d 191(2d Cir. 2001)).

[3] See, 8 U.S.C.§1252; *Reno* v. *American-Arab Anti-Discrimination Comm.*, 525 U.S. 482 - 85 (1999).

WHEREAS on August 2, 2006, the government submitted public records confirming that Bartolon was in fact removed from the United States on August 4, 2005 (Dkt. #30); and

WHEREAS for the above reasons, all issues and arguments presented in Bartolon's motions are either moot or otherwise lack merit; and therefore, it is accordingly

**ORDERED** that defendant Bartolon's motions (Dkt. ##23, 24 & 25) are DENIED.

DATED:   Buffalo, N.Y.

August 9, 2006

*/s/ John T. Elfvin*
JOHN T. ELFVIN
S.U.S.D.J.